## 48835. ABBOTT v. THE STATE.

QUILLIAN, Judge. The defendant was tried for burglary and theft by taking. The jury found the defendant guilty of theft by taking and not guilty of burglary. The defendant then filed an appeal. *Held:*

1. The defendant was sentenced to imprisonment for ten years. In regard to the punishment for theft by taking, Code Ann. § 26-1812 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842) provides: "If the property which was the subject of the theft exceeded $100 in value, or was an automobile or other motor vehicle, by imprisonment for not less than one and not more than 10 years, or, in the discretion of the trial judge, as for a misdemeanor." Therefore, it is clear that for the defendant to be punished for a felony, as in the present case, it is necessary that the state prove that the property which was the subject of the theft exceeded $100 in value.

In the case sub judice the only evidence of the value of the property taken was that of the true owner. He then stated that in his opinion the market value of the property taken was approximately $4,000. This testimony was allowed over an objection that no proper foundation had been laid. The witness did not give any information upon which he based his opinion

as to the market value of the property taken. In *Sisk v. Carney,* 121 Ga. App. 560, 563 (174 SE2d 456), it was held: "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also he must have had an opportunity for forming a correct opinion. Code §§ 38-1708, 38-1709; *Hoard v. Wiley,* 113 Ga. App. 328 (1a, b) (147 SE2d 782). Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an 'unsupported conclusion or guess of the witness.' Id., p. 332."

In view of the above authority we are constrained to hold that the state failed to carry its burden of proof that the property taken had a value which exceeded $100. Direction is therefore given that a new trial be granted on the sole issue of punishment. *Johnson v. Smith,* 227 Ga. 611 (6) (182 SE2d 101).

2. The remaining enumerations of errors are without merit.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*
SUBMITTED JANUARY 7, 1974 — DECIDED FEBRUARY 15, 1974.

*Robert J. Evans,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.