## 52318. HAYES v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried and convicted of criminal damage to property in the second degree (damage in excess of $100) and sentenced to one year on probation and a $1,000 fine. He enumerates as error the insufficiency of the evidence as to value and certain erroneous charges and failures to charge the jury. *Held:*

1. Appellant contends that the evidence of the damage to the property was insufficient to show that the damage exceeded $100 as charged. The property involved was a citizens band radio, property of A. C. Ashley, which the evidence showed was deliberately crushed in a vise by appellant as a result of an argument with Ashley. Ashley testified that he bought the C. B. radio new for $200 three months prior to the incident; that it worked perfectly; that he had owned two radios of the same brand; that after the incident the radio was crushed; that it did not operate and

that he ceased efforts to have it repaired after one repairman returned it to him unrepaired. An eyewitness testified that he observed appellant crush the radio in the vise; that afterwards he examined the radio and saw that the case was crushed in and the inside was broken "all to pieces." The radio was not introduced into evidence.

We conclude that the evidence as to value was sufficient for the jury to conclude that the damage exceeded $100. Even though the witness was never asked to state his opinion as to the value before and after the incident, he did state its purchase price; length of ownership and condition before, and that it was "broken to pieces" afterward. "A jury is in no event absolutely bound by opinion evidence, and as to everyday objects, such as automobiles, they may draw from their own experience in forming estimates of market value." *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809). See also *Seaboard C. L. R. Co. v. Toole,* 128 Ga. App. 24 (1) (195 SE2d 282). The proliferation of C. B. radios which has occurred over the past year has put them in the category of "everyday objects" and has brought about a public awareness of their value. This knowledge coupled with the foundation given by the witnesses was sufficient for the jury to determine the value of the C. B. radio.

2. The appellant contends that certain charges given were confusing and misleading and were not adjusted to the evidence. We have reviewed the charges and find them to be clear, concise statements of the law and properly raised by the evidence. The omission to charge that the lesser offense, criminal trespass, was a misdemeanor was not error, since same would affect only the sentence, not the jury's consideration of guilt or innocence.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976 — REHEARING DENIED JULY 14, 1976.

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.