## 53508. CROWLEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with and tried for one count of burglary and one count of theft by receiving stolen property of a value in excess of $100. He was convicted of the count alleging theft by receiving stolen property and sentenced to an indeterminate number of years under the Youthful Offender Act of 1972 (Code Ann. § 77-345 et seq.; Ga. L. 1972, p. 592 et seq.). Defendant brings this appeal. *Held:*

1. Defendant alleges that the state "failed to prove that the property set forth in the Indictment, Count II,

was of a value in excess of One Hundred Dollars. . ." We agree. The state proved value through the testimony of the owner in the following manner: "Q. This list of items that you have described [as being taken during the burglary], would they have — would those items have a value in excess of a hundred dollars? A. In the aggregate yes. The television set by itself."

For the past decade this court has followed the rule of *Hoard v. Wiley,* 113 Ga. App. 328 (1b) (147 SE2d 782) that "[a]n owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' " or else showing " 'an opportunity for forming a correct opinion.' " This rule is applicable to the issue of value in criminal cases. *Abbott v. State,* 130 Ga. App. 891, 892 (205 SE2d 14). It is of no import that an objection was not made, as the testimony had "no probative value" and cannot be considered. *Minit Chek Food Stores v. Plaza Capital,* 135 Ga. App. 110, 111 (217 SE2d 415). However, the evidence presented is sufficient to support a finding that the items had "some value" (see *Sisk v. Carney,* 121 Ga. App. 560 (4) (174 SE2d 456); *Hagin v. Powers,* 140 Ga. App. 300, 305 (231 SE2d 780)), which will support a finding of theft by receiving stolen property under Code Ann. § 26-1806, Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859), and sentencing under Code Ann. § 26-1812 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842) "as for a misdemeanor," or as in this case under Code Ann. § 77-359 (a) (Ga. L. 1972, pp. 592, 598; 1973, pp. 581, 582; 1975, pp. 900, 905), as a youthful offender to an indefinite sentence except that "the period of such custody [is] not to be in excess of one year in the case of a misdemeanor. . ."

2. The defendant contends that the state failed to prove possession of the stolen items by him, or that the items he possessed were the ones stolen, or that he had any knowledge the items he possessed were stolen.

The state's evidence showed the burglary, the items taken, and that a service station employee purchased one of the items taken from the burglarized home from "David [Larsen] and Mike [Crowley — the defendant]." They were in the defendant's car. They also "mentioned having a color TV. . .They had some silver candlestick holders and

silver platter. . .They sat there and argued back and forth about it. . .David did most of the talking but [the defendant] was the one that gave the okay on the price of the merchandise." Some of the items were found at the home of the defendant and returned to the owner who testified: "[He] received those from some officers. . .And [he] identified what [he] got back as being [his] property."

On appeal, in criminal as well as civil cases, this court applies the "any evidence" rule. There being evidence to sustain the conviction, the judgment of the lower court as to the guilt of the defendant will be affirmed. *Herndon v. State,* 132 Ga. App. 747 (3) (209 SE2d 26); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455).

3. The remaining enumerations of error are without merit.

4. In Division 1 above we found that the state failed to prove value in excess of $100 but the evidence supported a finding of "some value." We need not return this case for resentencing (see *Abbott v. State,* 130 Ga. App. 891, 892, supra) as defendant was sentenced to an indeterminate number of years. Thus we need only direct that "the period of such custody [is] not to be in excess of one year" (see Code Ann. § 77-359 (a), supra) because the evidence supports only a finding of guilty of a misdemeanor.

*Judgment affirmed with direction. Marshall and Shulman, JJ., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 7, 1977.

*Davis, Chabior & Shepherd, Alfred John Chabior,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.