## 53875. PARKER v. THE STATE.

Quillian, Presiding Judge.

The defendant was charged with two counts of theft by taking. The amount allegedly taken in Count 1 was $230 and the amount allegedly taken in Count 2 was $180. The jury found defendant guilty on both counts, each one in an "amount in excess of $100." Defendant appeals. *Held:*

Enumerated as error are the general grounds and the failure of the trial court to grant defendant's motion for a directed verdict.

The owner of the establishment from which the money was taken, a self-service laundry and cleaning business, identified the defendant as one of the three persons he had personally observed on both occasions that had pried off the coin boxes from the machines. Another witness also identified the defendant as one of the persons participating in the theft.

Defendant moved for a directed verdict on the ground that the state had failed to introduce any competent evidence to show that any loss had been suffered by the

victim. The owner testified that on the first occasion he lost "approximately two hundred thirty dollars" and on the second occasion "over a hundred dollars, maybe a hundred and eighty." He estimated the total amount by the money he averages on a daily basis: "fifty, sixty, or sixty-five dollars per day in all of the machines," multiplied by the number of days from the last collection. It had been "about three or four days" since he had taken the money out of the coin boxes before the first theft, and he estimated the second theft "the same way." The defendant alleges that this is insufficient evidence to support the finding of the jury and the judgment of the court. We do not agree.

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with guilt but shall exclude every other reasonable hypothesis save that of guilt of the accused. Code § 38-109. Such evidence need not exclude *every* inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). "Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643).

We find no reason in law or logic which would prevent value — as an element of theft, from being proven by circumstantial evidence as well as by direct evidence. Cf. *Stow v. Hargrove,* 203 Ga. 735 (5) (48 SE2d 454); *Brooke & Co. v. Cunningham Bros.,* 19 Ga. App. 21 (2) (90 SE 1037).

Wigmore advises us that knowledge which is the result of a witness' observation need not be positive or absolute. Such a degree of certainty cannot be demanded. Such knowledge may be expressed as his "belief" or "impression," to signify the degree of positive knowledge of the witness' accuracy. II Wigmore on Evidence 768, § 658. And, a lay witness, having no special skill, who has

personal observation of a matter, may as a result of his personal observation, draw inferences or make interpretations which the court could equally well make from the same data if laid before it, thus if it is possible to detail these data fully for the court, the witness' own inferences are superfluous. VII Wigmore on Evidence 10, § 1918.

Accordingly, we find that the owner in this case merely gave factual data to the jury, i.e., his coin operated machines took in from $50 to $65 per day, and it had been so many days since his last collection before the theft by the defendant occurred. This data permitted the jury to reach their own conclusion that the amount of money taken was in excess of $100 on each occasion.

We will note in passing that the owner was subject to cross examination as to this factual data, and no objection was placed to the owner's estimate of the amount of money taken.

On appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498). The jury's finding is supported by sufficient evidence of record. These enumerations are without merit.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 25, 1977.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.