## 55537. DUNBAR v. THE STATE.

SMITH, Judge.

The appellant was sentenced to three years imprisonment after his conviction of attempt to commit theft by taking. Because there was no competent evidence showing the value of the subject property to be in excess of $100, sentencing for a felony was unauthorized. We affirm the conviction but remand for resentencing.

1. Immediately after being apprehended in the act of removing a citizens' band radio from the victim's automobile, the appellant offered both to the police officer and to the victim to make reimbursement for damages if no prosecution would be instituted. The admission of these spontaneous statements was not error, and the court correctly refused to grant a mistrial.

2. The only evidence of the radio's value was offered by the victim, who testified that the "market value" at the time of the theft was $149.95, and that the wholesale cost was $85. He testified that he paid the latter figure because he was an employee of the retail distributor of the radio. No other information was offered; the victim did not state how long he had owned the radio, what condition it was in, whether it had deteriorated or depreciated, or anything similar. He only stated that the retail price was $149.95.

In *Yarber v. State,* 144 Ga. App. 781, 782 (242 SE2d 372) (1978), this court iterated the long-standing rule with respect to cost price: "This court has consistently followed the rule enunciated in *Hoard v. Wiley,* 113 Ga. App. 328 (1b) (147 SE2d 782) [1966] that '[a]n owner of property may not testify as to his opinion of the value of property in a single or gross amount without "giving his reasons therefor" or else showing "an opportunity for forming a correct opinion." This rule is applicable to the issue of value in criminal cases.' *Crowley v. State,* 141 Ga. App. 867, 868 (234 SE2d 700) [1977]. 'But it is also true that cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. *Hoard v. Wiley,* [supra].' *King v. Sinyard,* 139 Ga. App. 14, 17 (227 SE2d 834) [1976]."

Unfortunately, there was no "other evidence" coupled with the cost price evidence; thus, the cost price

evidence, standing alone, amounts to no evidence. (Cf. the retail store theft cases, e.g., *Young v. State,* 144 Ga. App. 712 (242 SE2d 351) (1978)). Thus, there was no evidence showing the attempted theft to have been any more than a misdemeanor grade of theft under Code § 26-1812.

The appellant was indicted for criminal attempt under Code § 26-1001, not for theft by taking. But the punishment for criminal attempt is dependent on whether the attempted crime was a misdemeanor, a felony, or a capital felony; where it was a misdemeanor, the attempt is to be punished as a misdemeanor offense. Code § 26-1006. Misdemeanor punishment is all that was authorized in this case, so the case must be remanded for resentencing.

3. Our discussion above cures the remaining enumeration of error, which was directed at the sentencing phase.

*Judgment affirmed in part with direction and reversed in part. Deen, P. J., and Banke, J., concur.*

Submitted March 2, 1978 — Decided June 6, 1978.

*Glover & Sibley, Sam B. Sibley, Jr.,* for appellant.
*Richard E. Allen, District Attorney, Gayle B. Hamrick, Assistant District Attorney,* for appellee.