## 55871. MATHIS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction and felony sentence for theft by taking.

The stolen property consisted of two cameras, two speakers, and numerous recording tapes, all of which were taken from inside a parked automobile. About 2-1/2 hours after responding to the owner's report of the crime, the arresting officer spotted two speakers and a camera in plain view inside another parked automobile which belonged to the defendant. When the defendant returned to his car, he unlocked it and allowed the officer to look at the items, stating that the camera belonged to his sister. The officer determined from the serial number that the camera was in fact stolen and placed the defendant under arrest. An inventory search of the car resulted in the discovery of the remainder of the stolen items. *Held:*

1. The defendant's recent possession of stolen property without a satisfactory explanation was sufficient to establish criminal intent. *Henson v. State,* 136 Ga. App. 868 (222 SE2d 685) (1975); *Floyd v. State,* 137 Ga. App. 181 (3) (223 SE2d 230) (1976).

2. No evidence was introduced to show the value of the property. The jury was nevertheless authorized to infer that it had "some value" and thus to find the defendant guilty pursuant to Code Ann. § 26-1806 (as amended through Ga. L. 1969, pp. 857, 859). *Crowley v. State,* 141 Ga. App. 867 (1) (234 SE2d 700) (1977); *Dotson*

*v. State,* 144 Ga. App. 113 (2) (240 SE2d 238) (1977). However, it was error to enter a felony sentence in the absence of a showing that the stolen property was worth more than $100. See former Code Ann. § 26-1812 (as amended through Ga. L. 1975, pp. 900, 905). Therefore, the felony sentence is vacated and the case is remanded for misdemeanor sentencing. See *Crowley v. State,* supra; *Dotson v. State,* supra; *Dunbar v. State,* 146 Ga. App. 136 (2) (245 SE2d 486) (1978).

Relying on *Parrott v. State,* 134 Ga. App. 160 (2) (214 SE2d 3) (1975), the state contends that it should be permitted another chance to prove the value of the items at the re-sentencing hearing. Although *Parrott* would permit such a procedure, that case has been impliedly overruled by the *Crowley, Dotson,* and *Dunbar* decisions, cited supra. We now expressly overrule it. In the absence of any evidence at trial that the offense was a felony, it can only be considered a misdemeanor.

3. It was not error to fail to charge Code Ann. § 26-1810, which establishes "claim of right" as an affirmative defense to a theft prosecution. The defendant's testimony that he found the property nearby and was attempting to discover its rightful owner did not set forth any claim of right of the property but was merely a denial that he had any intent to deprive the owner of the property.

*Judgment vacated with direction. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, McMurray, Smith, Shulman and Birdsong, JJ., concur.*

Submitted June 5, 1978 — Decided September 11, 1978.

*Malone & Percilla, John Knight,* for appellant.
*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.