## 58265. WILLIAMS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of theft by taking. Defendant appeals contending that his sentence of five years in prison is excessive. *Held:*

1. The owner of the stolen property, a citizens band radio and linear amplifier, testified that he had paid approximately three hundred dollars for them. He also testified that after the equipment was recovered and returned to him he traded them in on better equipment and was given three hundred dollars for them on the trade-in.

Theft by taking is only one crime, and the punishment for that crime is controlled by the value of the property taken. *Mack v. Ricketts,* 236 Ga. 86, 87 (222 SE2d 337). Where the state presents evidence that the stolen property was of some value but fails to show that the value was more than $100, a conviction for theft by taking authorizes sentencing for a misdemeanor but not for a felony. *Dotson v. State,* 144 Ga. App. 113, 114 (2) (240 SE2d 238).

The testimony of the owner of property as to his opinion of the value of the property without giving his

reasons therefor and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value; and if admitted without objection it cannot support a verdict. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782); *Dotson v. State,* 144 Ga. App. 113, 114 (2), supra. Under this rule the testimony of the owner as to the cost price of the stolen citizens band radio and linear amplifier is not sufficient alone to authorize the felony sentence. However, cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. *Dunbar v. State,* 146 Ga. App. 136 (2) (245 SE2d 486); *Yarber v. State,* 144 Ga. App. 781, 782 (242 SE2d 372).

We are authorized to take judicial notice of the general customs of merchants and similar matters of public knowledge. Code § 38-112. We therefore recognize that merchants who receive used goods in partial payment for new goods will often attribute to the used goods a "trade in value" greater than "actual market value." In such cases the "trade in value" is composed of "actual market value" plus a discount. The discount component of the "trade in value" is analogous to the reduction in price from a suggested or list price offered to a cash customer to induce a purchase. For this reason, evidence of "trade in value" cannot alone and without further information as to discounting practices be viewed as evidence of "actual market value." There was no other evidence as to the market value of the stolen property in addition to the cost price evidence which may not stand alone. However, the evidence authorized a finding that the citizens band radio and linear amplifier were of some value which will authorize a conviction of theft by taking and sentencing as for a misdemeanor. We affirm the conviction of theft by taking "of property of some value" but remand for resentencing by the trial court. *Dotson v. State,* 144 Ga. App. 113, 114 (2), supra; *Dunbar v. State,* 146 Ga. App. 136, supra.

2. Defendant's remaining enumeration of error attempts to raise issues not raised before the trial court and may not be considered for the first time on appeal. *Bell v. State,* 144 Ga. App. 692 (1) (242 SE2d 345).

*Judgment affirmed in part with direction and*

*reversed in part. Banke and Underwood, JJ., concur.*

Submitted July 12, 1979 — Decided September 7, 1979.

*Stephen H. Harris,* for appellant.
*Andrew J. Ryan, III, District Attorney, Gordon B. Smith, Assistant District Attorney,* for appellee.