63457. JONES v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for three counts of theft by taking, contending that the evidence was insufficient and that certain photographs of the property alleged to have been stolen were improperly admitted.

1. "The question of the sufficiency of the preliminary proofs to identify photographs, or to show that . . . [they are] . . . fair or accurate representation[s] of the objects which . . . [they] . . . portray, is a question committed to the discretion of the trial judge. [Cit.]"

*Johnson v. State,* 158 Ga. 192, 198 (123 SE 120) (1924). Although the photographer did not testify, the victims testified that the photographs depicted the property which was stolen from them, as viewed by them at the police station where the photographs were taken. This was a sufficient foundation. Accord, *Hill v. State,* 201 Ga. 300 (6) (39 SE2d 675) (1946).

2. The evidence showed that the three victims shared an apartment at Georgia Southern College, where they befriended the defendant, who was using an assumed name. On the third day of their hospitality, they left him alone in the apartment and returned to discover that he had departed, along with certain of their personal belongings. He was apprehended in Florida and was returned to Georgia with some of the missing property. This evidence was sufficient to enable a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980). However, as to Count 2, regarding the theft of property belonging to Michael Hayes, the state failed to introduce evidence to show the value of the property. It was accordingly error to enter a felony sentence on that count. See former Code Ann. § 26-1812 (as amended through Ga. L. 1978, pp 1457, 1458). The sentence as to Count 2 is accordingly vacated, and the case is remanded for misdemeanor sentencing as to that count. See *Mathis v. State,* 147 Ga. App. 148 (2) (248 SE2d 212) (1978).

*Judgment affirmed in part and vacated with direction in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1982.

*Robert S. Lanier, Jr.,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.