### 63370. LEE v. THE STATE.

BIRDSONG, Judge.

Burglary and Theft by Taking. John Tyler Lee III was convicted of burglary and theft by taking and sentenced to serve fifteen years. He brings this appeal enumerating eleven alleged errors. *Held:*

1. The facts relevant to this appeal reflect that on several occasions during the summer of 1979 (June through September), a white van was seen in and about a vacation home area near Lake Lanier. On some occasions, this van was described as a white van; other times it was described as a white van with a motorcycle decal on the back door; and on one occasion as a white van with a motorcycle decal on the back and with Clarke County license plates. Such a van was seen in the driveway of a house that was subsequently determined to have been burglarized (the West home). A white van was seen in the general vicinity of several vacation homes which had been entered and burglarized. On several occasions this white van had been observed with a young man and woman as passengers. On one such occasion, several neighbors saw a white van parked across the street from a house under construction and someone inside the house with a flashlight burning. The neighbors went to where the van was parked and blocked the van from leaving. At that time the van was being operated by the appellant Lee's girl friend, Debbie Patterson. While they were talking with Ms. Patterson, the appellant Lee came up to the van, and the flashlight was no longer observed in the house. The neighbors called the police, who talked with Patterson and Lee and allowed them to leave. This general body of information was known to the police. Several days after the white van was seen in

the drive of the house that subsequently was determined to have been burglarized (the victim West's house), a police officer was driving along a road near Lake Lanier. He observed a white van with a motorcycle decal on the rear door and noted that the van had Clarke County license plates. The van was being operated by a lone female driver. The officer fell in behind the vehicle and followed it. When the vehicle stopped at a boat dock, the officer pulled up next to the van and sought to identify the van and driver. The driver was Debbie Patterson. When the officer said he would like to talk to her about the van being seen in the vicinity of several burglaries, Ms. Patterson indicated embarrassment at being questioned in the presence of her friends and voluntarily agreed to accompany the officer to the police station to continue the discussion. Ms. Patterson denied any knowledge of any burglaries. She told the officers that the van belonged to John Lee and that everything in it belonged to him. Ms. Patterson stated that while she did not have the authority to consent on behalf of Lee to a search of the vehicle, she had no objection in her own right. The officer observed a tool (a ratchet) in the car that had an identification number on it. This number upon being checked disclosed that it had been stolen during a burglary. Thereafter, the entire contents of the van were emptied onto the ground and a photograph was taken of the contents. Subsequent investigation showed that the items in the van included personalty that had been taken from approximately ten homes in and about the Lake Lanier area. Ms. Patterson and the appellant Lee were both arrested and charged with multiple offenses. See *Patterson v. State,* 159 Ga. App. 290 (283 SE2d 294). After numerous motions were made, some granting severance of the parties and the counts, and others denied as to suppression of evidence, appellant was tried and convicted of two offenses of theft by taking and one offense of burglary.

2. In his first enumeration of error, Lee contends that the trial court erred in failing to grant his motion to suppress. We find no merit in this contention. When the van was brought to the police station, the officer who had detained Ms. Patterson was aware that a white van had been seen in the vicinity of several burglaries occurring over a period of several weeks. He was aware that a neighbor of the West home had seen a white van with a motorcycle decal and Clarke County plates parked in the drive within the same time frame that the home had been burglarized. The officer saw a van meeting all these descriptions. He did not forcibly stop the van but waited until Ms. Patterson stopped to visit a friend. Even then, the officer did not place her under arrest but simply sought to ask her about a white van being seen in the vicinity of several burglaries. Ms. Patterson gave every indication of having permission to operate the van. She had

spent the previous night at Lee's grandparents' home and had driven the van on several other occasions. There can be no real contention that Ms. Patterson did not voluntarily give her permission to search the van. Under these circumstances we conclude that the initial stop of the van was based upon probable cause and the resulting search was wholly voluntary and consensual. See *Misuraca v. State,* 157 Ga. App. 361, 365 (276 SE2d 679); *Stiggers v. State,* 151 Ga. App. 546, 547 (1) (260 SE2d 413); *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892). See also United States v. Matlock, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242); *Hall v. State,* 239 Ga. 832, 833 (1) (238 SE2d 912). Her voluntary consent thus extended to the appellant Lee. *Brown v. State,* 240 Ga. 274, 275 (2) (240 SE2d 63).

3. In his second enumeration, appellant contends that the trial court erred in denying a motion for a directed verdict as to the charge of felony theft by taking, there being no credible evidence of value to elevate the crime to a felony rather than a misdemeanor. The victim of the burglary, West, testified that the contents of his house had been taken. He stated that this included all his furniture and he specifically mentioned end tables, a couch, stereo and other items. He also identified a rod and reel found in the van and testified that he was familiar with fishing equipment. He testified that several rods and reels had been taken and the specific one found in the van had a value of at least $60-70. He testified that the contents of his house had a value in excess of $5,000. In response to an inquiry by the trial court, West testified that the value of all the goods exceeded $200. Appellant now contends that the opinion evidence of West was not sufficient to establish a value in excess of $200 as charged in the indictment.

We disagree. There was some evidence as to value. Market value is a matter of opinion, and may be established by circumstantial as well as direct evidence. It is peculiarly a matter for the jury, and the jury is not absolutely bound even by the uncontroverted testimony of experts, but may consider the nature of the property involved, together with any other fact or circumstance properly within the general knowledge of the jury which tends to establish the value of the property, and may arrive at a different figure than that of the experts, higher or lower, where the verdict is not so disparate as to justify an inference of gross mistake or undue bias, *Dept. of Transp. v. Driggers,* 150 Ga. App. 270, 274 (257 SE2d 294). Where the items involved are of a relatively common nature, the jury is not limited to consideration of a witness' opinion in forming its own conclusions of market value. *Atlanta Commercial Builders v. Polinski,* 148 Ga. App. 181, 182 (250 SE2d 781). Under the facts of this case, we have no hesitancy in concluding that the jury was warranted in reaching a finding of value

in excess of $200. See also *Maddox v. State,* 157 Ga. App. 696 (278 SE2d 480).

4. Appellant next contends that the trial court erred in allowing the state to introduce evidence of other crimes. The context in which this alleged error came about is as follows: When appellant successfully moved to sever his case from that of Ms. Patterson and to sever the several counts, he also obtained the grant of a motion in limine to preclude the state from introducing any evidence relative to the severed counts. The evidence, as hereinabove shown, disclosed that the contents of Lee's van contained the product of at least ten burglaries. The state showed that only three items taken from the West house were found in the van. The remainder of West's property, such as was recovered, was found behind a barn approximately a mile from the home of Lee's grandparents, where Lee had been living for several years. In an effort to explain where the remainder of the items found in his van (and shown in the picture) had originated, Lee testified that he had found many of the items in a ditch alongside the road not far from his residence. The remainder he testified he had purchased. The trial court allowed, over objection, the state to propound questions to Lee on cross examination as to whether he had not, in truth, obtained several specifically mentioned items by stealing them from homes or off of boats. Lee in each instance denied stealing the items. The court carefully instructed the jury that the questions were being allowed solely for the purpose of impeachment. Apparently because of the motion in limine, the prosecution made no effort to support its questions by calling the victims of the larcenies mentioned in the impeaching question to establish ownership and loss. Appellant objected and moved for a mistrial for the state's violation of the motion in limine.

While we do not approve of the procedure followed by the state in this case, neither do we find harmful error in this case. The jury was never made aware that Lee was charged with any other offenses; thus the state did not bring to the jury's attention the existence of the severed counts. Appellant himself opened the door to impeaching cross examination by offering evidence that he had either found or purchased the items found in his van. Once a defendant opens the door for impeaching evidence, specific events may be used in testing the extent and knowledge of the defendant's knowledge and the correctness of his testimony on direct examination. *Shepherd v. State,* 239 Ga. 28, 30 (235 SE2d 533); *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853). Evidence, if otherwise admissible, does not become inadmissible because it incidentally puts the appellant's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744). In view of the limiting instruction given by the trial court, we find no harmful

error in the reference to other misconduct, and thus no error in the denial of appellant's motion for a mistrial based thereon.

In reference to enumeration of error 6, we have indicated our disapproval of the tactics of the state in accusing appellant of committing other crimes while testing his testimony that he found or purchased some of the equipment found in his van and then not supporting those accusations by competent evidence that such a crime occurred and that appellant was the apparent perpetrator. Yet under the peculiar circumstances of this case, the state was under judicial restraint not to acquaint the jury with the other severed counts of the indictment. Thus, the state could not call the victims of the other crimes to recount their loss or their ownership of property claimed by appellant. We would be remiss in our duties to hold that the appellant could successfully restrain the state from referring to other crimes and then use that as a cloak of protection to claim with impunity that he had come by the property lawfully wholly immune from pertinent cross examination. The scope of cross examination lies within the sound discretion of the trial court. *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811). We find no abuse of that discretion in this case nor harmful error in the procedure allowed by the court.

5. We have closely examined appellant's last five enumerations of error and find no harmful error in any one of them.

(a) The trial court did not abuse its discretion in allowing the state to cross examine and impeach its witness, Ms. Patterson. She testified in variance to her earlier testimony as to where Lee had obtained all the equipment in the car and at best tended to be an evasive witness. Under such circumstances, the trial court does not err in allowing leading questions and impeaching questions. See *State v. Westberry,* 238 Ga. 648 (235 SE2d 140); *McDaniel v. State,* 53 Ga. 254; *Luke v. Cannon,* 4 Ga. App. 538 (62 SE 110).

(b) There was no error in allowing the photograph of the contents of Lee's van into evidence. It had probative value as to the crimes charged. Any evidence of other crimes was brought into focus by the testimony of the appellant himself. See *Allen v. State,* 137 Ga. App. 755, 756 (224 SE2d 834); *Garner v. State,* 83 Ga. App. 178, 185 (63 SE2d 225).

(c) The trial court made a comment as to a series of questions propounded by counsel for appellant that counsel should not wander into the realms of ridiculousness. While we do not approve of such comments, the observation was made to counsel and not to the jury and was in the exercise by the trial court of its duty to control the proceedings of the trial. We do not attribute to the comment the same judicial evil as does the appellant. See *Bradley v. State,* 137 Ga. App. 670, 673 (224 SE2d 778); *Waddell v. State,* 29 Ga. App. 33 (5) (113 SE

94). Moreover, when the comment was made, appellant's counsel remained silent and did not raise any issue as to a mistrial until over 100 pages of transcript later. We consider such a delay in the making of the motion to render it untimely in relation to the action giving rise to the motion. See *Favors v. State,* 145 Ga. App. 864, 867 (4) (244 SE2d 902).

(d) Appellant argued that it was error for the trial court to refuse a requested instruction that burglary cannot be inferred from the recent possession of stolen property. The requested instruction was not adjusted to the evidence inasmuch as there was other evidence, though circumstantial, pointing toward appellant as the burglar; thus, the request tended to be argumentative. Moreover, appellant's request, even in the abstract, did not state a correct principle of law. See *Kessel,* supra, p. 374; *Atkins v. State,* 155 Ga. App. 390, 391 (271 SE2d 35). There was no error in refusing the request.

(e) In his last enumeration of error, appellant argues that the trial court erroneously denied him a supersedeas bond pending appeal. He concedes that in the event of an unsuccessful appeal, the enumeration becomes moot. We have reached a finding that each of the enumerations is without substantial merit; therefore, in agreement with appellant's assessment of this last enumeration, we likewise find the enumeration to be without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 12, 1982 —
REHEARING DENIED MAY 5, 1982 —

*Jane Kent-Plaginos,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.