64715. MORRIS et al. v. STATE.

QUILLIAN, Chief Judge.

The defendants, Wayne and Marie Morris, appeal their conviction of theft by taking. *Held:*

1. Steve Watson was building a house for himself on August 4, 1981, and as he was driving by the construction site about 10:00 p.m. that evening he saw a pickup truck with its lights out pulling out of his driveway. As they met he did not recognize the truck and saw that two people were in the truck. He turned around and followed. The truck tried to run away from him and turned off the road into a dead-end street. He pulled up behind the truck and fired one shot from his pistol into the air and told whomever was in the truck to get out. Only

one person got out of the truck — it was Marie Morris. He asked her what she was doing at his house and she said she had been hired to drive the truck and had pulled into his driveway to turn around. The truck was a red, early '70 model, Ford pickup. There was a bundle of plywood and two bags of mortar mix in the bed of the truck. He put down the tag number of the truck and returned to his house. He was missing a stack of plywood, a box of nails, two bags of mortar mix, and a 6-foot stepladder. He called the Sheriff. The next day he went with Deputy Sheriff Pruitt to the defendant's mobile home. They saw Marie Morris unloading a red Ford pickup truck. Pruitt had been to the construction site earlier and looked at the tracks made by the vehicle which had backed up to the carport where the construction material had been stolen. He visually compared the tires on the Ford pickup truck to the tire tracks made at the site of the theft. "They were identical." Pruitt obtained an arrest warrant and returned to arrest them. When they arrived they heard a "scurrying" noise. Mrs. Morris said her husband was not at home. However, there were three plates on the table where someone had been eating. Although they searched the trailer and did not find Wayne Morris, he was hiding in the bedroom and finally gave himself up.

Wayne and Marie Morris testified that they were at the home of her aunt when the theft occurred and it was not their truck that was involved. Their truck had been in an auto repair shop for a tuneup for the past few days. They would pick it up during the day if they needed to do any work but they always returned it to the shop before dark. Furthermore, their auto license tag had been lost or stolen during the second or third week in July. Both admitted they had used the truck for two consecutive days — but were unsure which two days. Both stated they used the truck on August 4 — the date of the theft, but left the truck at the repair shop before dark.

Jerald Swafford was sawing firewood near the Watson construction site on Monday afternoon, August 3, when he saw Wayne and Marie Morris drive up to the Watson home in a red Ford pickup truck. Wayne Morris got out and walked into the carport. Morris saw him and drove to where he was and asked if the house was for rent. Swafford said it was not for rent and the couple departed. Deputy Pruitt saw Marie Morris unloading the red Ford pickup on August 5. Pruitt saw a tag on the truck on August 5.

The jury is the final arbiter of the facts. It is within their province to assess the weight of the evidence and the credibility of the witnesses. When viewed in the light most favorable to the verdict, the evidence is sufficient to enable any rational trier of fact to find the existence of the offense of theft by taking beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. After commencing deliberations the jury returned and asked the court: "The jury wants to know if we can all find one party guilty and can't agree on the other, is there a mistrial?" The court then instructed the jury to consider each defendant separately and to render a verdict as to each defendant. "Only the court can declare a mistrial . . . I need a verdict in both cases, but I am the one that determines whether you have deliberated a sufficient length of time before a mistrial is declared." Then the jury was immediately excused for lunch until "a quarter til two." Counsel for the defendant advised the court: ". . . when we conferred with the court concerning this jury charge — COURT: You're right. I'll give it when we come back. I'm sorry. I closed my book and put it up. I'll do it. I'll call them back in at a quarter til two." The transcript shows "(The jury returned from lunch at 1:45 and resumed deliberations of a verdict.)

"(The court reconvened at 1:55 p.m., February 11, 1982)" and announced a verdict of guilty of both defendants, as charged.

The trial court then perfected the record to show that he failed to charge as requested by the defendant: "Consult with one another and consider each other's views. Each of you must decide this case for yourself but you should do so only after a discussion and consideration of the case with your fellow jurors. Do not hesitate to change an opinion if convinced that it is wrong. However, you should never surrender honest convictions or opinions in order to be congenial or to reach a verdict solely because of the opinions of other jurors." The court stated: "I didn't do it on purpose . . . I just overlooked it."

Defendant argues: The law is clear that "[w]hen the jury requests the court to recharge them on any point, it is the court's duty to do so." See Edwards v. State, 233 Ga. 625, 626 (212 SE2d 802). The jury did not request a charge on what they should do if they were unable to agree. The jury asked the court a question regarding the effect of a possible verdict. The court answered the question asked. Apparently the defendant requested and was granted a modified "Allen" charge on a deadlocked jury. See Anderson v. State, 247 Ga. 397, 400 (276 SE2d 603). "The decision of whether to give a jury in disagreement the 'Allen' charge is generally left in the discretion of the trial judge." Thornton v. State, 145 Ga. App. 793, 794 (245 SE2d 22). However, the trial court had included an "Allen" charge in its original charge and the substance of the requested charge had been covered in the original charge. The transcript shows that the jury entered into its deliberations at 10:45 a.m. and the court reconvened at 12:20 p.m. for the jury to present its question to the judge. After answering the jury's question the court recessed for lunch and the jury resumed deliberations at 1:45 p.m. and arrived at a verdict at

1:55 p.m. Under these facts, we see no prejudice in failing to give a *second* "Allen" charge where deliberations had consumed only 1 hour and 35 minutes the first time and 10 minutes the second time. See *Harrell v. State,* 249 Ga. 48 (1) (288 SE2d 192).

3. The trial court did not err in permitting the owner of the stolen construction materials to testify as to their value which he based on his experience in buying building material and shopping for the items that he had purchased. Our Code requires only that a non-expert witness give the reason for his opinion. Code Ann. § 38-1708 (Code § 38-1708). This witness gave his reason for his opinion. We find no error. *Brown v. State,* 143 Ga. App. 678, 679 (239 SE2d 556); *Young v. State,* 144 Ga. App. 712 (2) (242 SE2d 351); *Yarber v. State,* 144 Ga. App. 781, 782 (242 SE2d 372).

4. In imposing sentence the trial court advised the defendant Wayne Morris: "I had a record check run [on you] . . . as I do in every case — primarily for the purpose of determining whether or not to impose any — in the sentence that I impose, whether I will impose any probation or not." The Supreme Court, in *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792), held that a pre-sentence report for the judge was "also authorized before pronouncing sentence . . . for the purpose of deciding whether to suspend or probate all or part of the sentence to be imposed in a case." This is precisely what the court did in the instant case. There was no error. *Threatt v. State,* 156 Ga. App. 345 (274 SE2d 734).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1982.

*Robert B. Thompson,* for appellants.

*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.