## 65751. STOVALL v. THE STATE.

SHULMAN, Chief Judge.

Appellant was found guilty in a non-jury proceeding of theft by receiving stolen property. She now appeals, asserting that the evidence presented by the state was not sufficient to sustain a guilty verdict.

"A person commits the offense of theft by receiving stolen property when he . . . retains stolen property which he knows or should know was stolen unless the property is . . . retained with intent to restore it to the owner." OCGA § 16-8-7 (a) (Code Ann. § 26-1806). The state presented evidence that a Georgia driver's license, four credit cards, a check identification card, a motor vehicle registration slip and a credit card receipt, all of which contained the name Nadine Valin, were discovered in appellant's handbag on May 17, 1981. Ms. Valin testified that her wallet had been removed from her purse at a local lounge in November 1980. Appellant could not explain her possession of the stolen items, and disclaimed knowledge that stolen property was in her possession. However, guilty knowledge may be inferred where the circumstances are such as would excite suspicion in the mind of an ordinarily prudent man. *Roberts v. State,* 146 Ga. App. 23 (2) (245 SE2d 358). In the case at bar, the stolen items were imprinted with the victim's name, and the driver's license contained a photograph of the victim. Several of the credit cards were discovered in plain view, loose in appellant's handbag. Appellant stated that she had no credit cards of her own. It would seem, then, that the appearance in one's purse of credit cards with a stranger's name imprinted thereon would cause a reasonable person to suspect that the items were stolen. *Roberts,* supra. The evidence presented was sufficient for a rational trier of fact to find appellant guilty

beyond a reasonable doubt of theft by receiving stolen property. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 24, 1983 —
REHEARING DENIED JUNE 22, 1983

*Frank J. Petrella,* for appellant.
*James L. Webb, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellee.