67154. RAGSDALE et al. v. THE STATE.

BIRDSONG, Judge.

Appellants were convicted of theft by taking of property valued in excess of $200, and were given felony sentences. They now take

issue with the sufficiency of the evidence concerning the value of the items taken and seek a remand to the trial court for resentencing on misdemeanor theft by taking.

Probably without dispute, it can be stated that in this State the leading case establishing the principles for ascertaining value is the case of *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782), a 1966 case. That case relied upon Code Ann. § 38-1709 which authorized the stating of an opinion by a witness if there is a reason given therefor. This court in *Hoard*, supra, construed that code section as precluding an owner from testifying to the value of his goods in a single or gross amount without giving reasons therefor or showing that he had an opportunity for forming a correct opinion. This rule had been announced as early as 1885 in *Central Railroad v. Wolff*, 74 Ga. 664.

The principles adopted and announced in *Hoard*, supra, find parallels in criminal law for assessing value. Thus, while the question of value is peculiarly one for the jury, jurors are not required to accept as correct, opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. *Choice v. State*, 31 Ga. 424, 480. See *Hayes v. State*, 139 Ga. App. 316, 317 (228 SE2d 585), recognizing the truism that jurors may use their own experience in assessing the weight and value of an expert's opinion, and even may utilize their own awareness of value of common and ordinary objects.

One need not be an expert or dealer in the article but may testify as to value if he has an opportunity to form a correct opinion. Code Ann. § 38-1709. *Gunter v. State*, 155 Ga. App. 176 (270 SE2d 224).

An opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value. *Crowley v. State*, 141 Ga. App. 867, 868 (234 SE2d 700). However, the rule that cost price is not probative evidence of market value is ameliorated by the allowance of proof of price at purchase as a circumstance from which value may be inferred. *Peterson v. State*, 6 Ga. App. 491 (65 SE 311).

Cost price of an item coupled properly with other evidence such as a showing of the condition of the item at the time of purchase and at the time its value is in issue may be admitted as an element upon which an opinion may be formed as to the item's value. *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372).

Based upon the foregoing analysis, we are satisfied that the same rules apply to the ascertainment of value of personalty whether that personalty is the subject of a negligence case or the object of a theft in a criminal case. Value is value in which ever context. Thus, there appears to be no justification for the conclusion advanced in the dissent calling for overturning the case of *Lee v. State*, 162 Ga. App. 259 (290 SE2d 307), solely because that case sets forth and relies upon civil case law. The property stolen in *Lee* was ordinary contents of a

home in which the owner testified that the contents thereof had a value of over $5,000. See *Hayes v. State*, supra.

It has been held that direct proof of value is not essential in prosecutions for theft by taking but proof of value may be shown by inference. *Buntin v. State*, 117 Ga. App. 813 (162 SE2d 234). This is but a restatement of the principle that circumstantial evidence is sufficient to establish value. See *Parker v. State*, 142 Ga. App. 396 (236 SE2d 141).

Applying the rules above stated to the facts of this case, we conclude there is sufficient evidence of value to affirm the sentence of the trial court. The evidence reflects that the witness whose testimony is in dispute was a police officer who had been a member of the force for twelve years. Ten of these years had been served exclusively with duties in the athletic association supervising athletic events including boxing. Thus there is probative evidence reflecting ten years' experience in the particular field to which the value evidence related. This provided evidence of an obvious opportunity to gain familiarity with equipment values (*Gunter v. State*, supra) creating at least a minimal basis for that value evidence. The witness was not asked to give his opinion or state the cost price or date of purchase. The witness identified each item pictorially, explained its use, and then stated as a "fact" an individual value, the combined total of which exceeded $700. At no time was an objection voiced to this testimony or a search of the witness' expertise made, nor was contrary evidence of value introduced by the defendant. We previously have held that only where an issue of fact as to value is raised need the jury make a finding as to value. *Jones v. State*, 147 Ga. App. 779, 780 (250 SE2d 500). In the absence of an objection, no issue as to value was placed before the jury. As a matter of law there was a basis for the value stated by the witness. No issue of value was raised before the trial court; therefore, the trial court properly sentenced the appellants as felons.

*Judgment affirmed. McMurray, C. J., Deen, P. J., Quillian, P. J., Banke, Sognier and Pope, JJ., concur. Shulman, P. J., and Carley, J., dissent.*

DECIDED MARCH 9, 1984 —
REHEARING DENIED MARCH 26, 1984 — 

*J. Douglas Willix*, for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys*, for appellee.

SHULMAN, Presiding Judge, dissenting.
"Theft by taking is only one crime, and the punishment for that crime is controlled by the value of the property taken. [Cit.] Where

the state presents evidence that the stolen property was of some value but fails to show that the value was more than [$200], a conviction for theft by taking authorizes sentencing for a misdemeanor but not for a felony. [Cit.]" *Williams v. State*, 151 Ga. App. 266 (1) (259 SE2d 671). See also *Pate v. State*, 158 Ga. App. 395 (2) (280 SE2d 414). Because I believe that value was not sufficiently proven by competent evidence to have been in excess of $200, I must dissent from the majority's affirmance of the trial court's treatment of appellants as felons.

In the case at bar, appellants were found guilty of taking structural supports for a boxing ring owned by the Atlanta Police Athletic League. The only evidence concerning the purported value of the items taken was the testimony of an officer associated with the program, who testified as follows: "Okay, the cross beam, $287. The corner support post, $267.76. The center support beam included with the center support post with cables is $143, plus $30, which comes up to about $777.84."

It has long been the rule that "an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value; and if admitted without objection it cannot support a verdict." *Dotson v. State*, 144 Ga. App. 113 (2) (240 SE2d 238). See also *Gamble v. State*, 160 Ga. App. 556 (2) (287 SE2d 593); *Williams v. State*, supra; *Crowley v. State*, 141 Ga. App. 867 (1) (234 SE2d 700). In addition, an opinion as to value based on replacement cost is inadmissible since it is without probative value (*Gamble v. State*, supra) as is an opinion based solely on market value. *Dunbar v. State*, 146 Ga. App. 136 (2) (245 SE2d 486). "[T]he mere statement that the value of a thing is a certain sum without stating the reasons for this conclusion lacks probative value. [Cits.]" *Pate v. State*, supra, p. 396.

It is true, as stated by the majority, that a jury is not bound by opinion evidence and, as to everyday objects, may use the experience of its members to form estimates of market value. *Hayes v. State*, 139 Ga. App. 316 (1) (228 SE2d 585). Pretermitting the question as to whether the structural supports of a boxing ring are "everyday objects," I must note that the jury must have a foundation given through the testimony of witnesses with which it may couple its collective knowledge. Id.; *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372). See also *Loethen v. State*, 158 Ga. App. 469 (1) (280 SE2d 878). No such foundation can be found in the testimony of the police officer. "Because the [officer] did not testify that he had any training, experience, or special knowledge which would qualify him as an expert in the market for [boxing ring supports] and because he did not state any reasons for his opinion as to the [supports'] value, the opin-

ion had no probative value. [Cits.]" *Loethen v. State*, supra, p. 470. This court has ruled similarly in a variety of other cases. The response of a burglary victim testifying in a theft by receiving case that, in the aggregate, the value of his appropriated goods was greater than $100 was not sufficient to prove value in excess of $100 because the owner had not given an underlying basis for his opinion. *Crowley v. State*, supra. In *Dotson v. State*, supra, a police officer's testimony concerning his estimate of the value of his stolen pistol was ruled insufficient, as was the testimony of the owner of stolen property who opined, without a foundation, that the property taken had a market value of approximately $4,000. *Abbott v. State*, 130 Ga. App. 891 (1) (205 SE2d 14).

In those cases where the sufficiency of value evidence has been questioned and found to have been sufficient, the value witness always accompanied his opinion with the reasons therefor. See, e.g., *Gunter v. State*, 155 Ga. App. 176 (5) (270 SE2d 224), where the witness stated that his opinion as to the value of cattle was based upon the 12 to 15 years he had spent in the business of raising and selling cattle and upon his efforts, as a part of his business, to monitor the fluctuating price of cattle; *Jones v. State*, 147 Ga. App. 779 (2) (250 SE2d 500), where it was held that an owner's testimony that his value opinion was based upon his 11-year experience as a working carpenter who used the stolen saw "almost every day" was minimally sufficient; and *Morris v. State*, 164 Ga. App. 42 (3) (296 SE2d 247), where an owner of stolen construction materials was allowed to testify to their value, based on his experience in buying building materials. As this court stated in *Morris*, supra, p. 45, "[o]ur Code requires only that a non-expert witness give the reason for his opinion." In the case at bar no such reason was ever given by the testifying witness. The majority holds that the officer's mere assignment to the athletic league *in and of itself* is a sufficient basis from which one may *infer* support for a value opinion, ignoring the fact that the non-expert witness *never gave a reason for his opinion*. I have worked with the law in various capacities for over 50 years, but that *in and of itself* is not a reason to support my opinion as to the market value of the law books I have perused or the word processing equipment used in my office. A foundation must first be laid, showing that the witness "has some knowledge, experience or familiarity with the *value* of the thing or similar things. This foundation is essential in order to show the bases or the reasons for the witness' opinion as to the value of the thing." (Emphasis supplied.) *Hoard v. Wiley*, 113 Ga. App. 328 (1a) (147 SE2d 782). There having been no such foundation laid in the case at bar, the officer's opinion as to value was inadmissible and had no probative value. *Gamble v. State*, supra; *Loethen v. State*, supra; *Pate v. State*, supra; *Williams v. State*, supra; *Dunbar v. State*, supra; *Dot-*

*son v. State*, supra; *Crowley v. State*, supra. There being no probative evidence that the value of the stolen goods exceeded $200, appellants should be sentenced as misdemeanants rather than as felons. *Wilson v. Reed*, 246 Ga. 743 (2) (272 SE2d 699); *Jones v. State*, 161 Ga. App. 218 (2) (288 SE2d 293); *Pate v. State*, supra; *Williams v. State*, supra; *Mathis v. State*, 147 Ga. App. 148 (2) (248 SE2d 212); *Dunbar v. State*, supra; *Dotson v. State*, supra; *Crowley v. State*, supra; *Abbott v. State*, supra.

The sole standout to my reasoning is a recent decision of this court, *Lee v. State*, 162 Ga. App. 259 (290 SE2d 307), a case with facts almost identical to those in *Crowley v. State*, supra, and *Abbott v. State*, supra, but with a contrary result. In *Lee*, a felony theft by taking case, the victim/owner testified that the stolen property, the contents of his home, had an aggregate value in excess of $5,000. This court, applying a combination of standards used in condemnation proceedings and civil negligence suits, determined that the testimony was sufficient to support the felony sentence. In *Lee*, at page 261, this court held that value was "peculiarly a matter for the jury" and that that body was not bound by uncontroverted expert testimony and could use its general knowledge to determine value. However, as I have stated previously, before the jury can exercise its general knowledge, there must be competent testimony with which the jury can couple its knowledge to reach a value determination. *Loethen v. State*, supra; *Yarber v. State*, supra; *Hayes v. State*, supra. Competent testimony, when the subject is an opinion as to value, is testimony in which the witness gives the reasons underlying his opinion. *Gunter v. State*, supra; *Jones v. State*, supra; *Hoard v. Wiley*, supra. "Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an 'unsupported conclusion or guess of the witness.'" *Abbott v. State*, supra, p. 892.

Since the victim/owner's testimony had no such basis, his opinion as to value was inadmissible and, therefore, the jury had nothing with which to couple its general knowledge. Therefore, contrary to the result in *Lee*, the value evidence was not sufficient to support a felony conviction. *Crowley v. State*, supra; *Abbott v. State*, supra. Because *Lee* is the sole anomaly in a long line of cases, the reasoning contained in Division 3 thereof should be overruled.

In its concluding paragraph, the majority states that because no objection to the officer's testimony was raised at trial, "no issue of value was placed before the jury" and concludes that, therefore, the trial court properly sentenced appellants as felons. I must strongly disagree with this analysis.

"It is of no import that an objection was not made, as the testimony had 'no probative value' and cannot be considered." *Crowley v. State*, supra, p. 868. "[A]n opinion as to value based solely on cost

price is inadmissible in evidence as it has no probative value; *and if admitted without objection it cannot support a verdict.*" (Emphasis supplied.) *Dotson v. State*, supra, p. 114; *Williams v. State*, supra, p. 267. It is not necessary for a defendant to call to the State's attention its failure to prove its case.

Before concluding, I must air several smaller concerns I have about the majority's opinion. The majority cites *Choice v. State*, 31 Ga. 424, 480, for the proposition that "jurors are not required to accept as correct, opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion." This statement is cause for concern because it is the diametric opposite of the theory that the jury may use their own experience in assessing value of everyday objects *as long as competent testimony regarding value is also available*. See *Loethen v. State*, supra; *Yarber v. State*, supra; *Hayes v. State*, supra. The discrepancy between *Choice* and the latter three cases can be dissipated upon a close reading of *Choice*; it is a murder case and the question before the jury was one of insanity, which is an issue where the jury is entitled to disregard all expert testimony and rely upon the presumption of sanity. *Durham v. State*, 239 Ga. 697 (1) (238 SE2d 334). Such is not the situation where value is the issue. *Loethen v. State*, supra; *Yarber v. State*, supra; *Hayes v. State*, supra.

Secondly, the majority twice states that value may be inferred: "[T]he rule that cost price is not probative evidence of market value is ameliorated by the allowance of proof of price at purchase as a circumstance from which value may be inferred. *Peterson v. State*, 6 Ga. App. 491 (65 SE 311)." (Majority opinion, p. 449.) The majority goes on to say that "[i]t has been held that direct proof of value is not essential in prosecutions for theft by taking but proof of value may be shown by inference. *Buntin v. State*, 117 Ga. App. 813 (162 SE2d 234)." (Majority opinion, p. 450.) Both *Buntin* and *Peterson* are cases in which the defendant was convicted of *burglary*, specifically breaking and entering a dwelling place with intent to commit a larceny (*Peterson*) and breaking and entering a storehouse and place of business where valuable goods were contained (*Buntin*). The *Peterson* court noted that while value must be proved in all cases of larceny, it is only necessary to show that the articles stolen have some value, and "the price at which an article is bought and sold may afford some evidence of value." Id., p. 492. Thus, the question presented was not the value of the stolen items (which is the issue in the case at bar), but whether the goods were of any value at all, for purposes of the larceny statute. In *Buntin*, the same question was presented in a situation where "[t]here was no testimony that any of these articles were of any value." This court concluded that value, as that word was used in larceny prosecutions, did not necessarily mean money value or

market value. So long as the item had intrinsic value, be it sentimental or market value, it could be the object of larceny. Id., pp. 814-815. Again, the issue was not whether the value of the items exceeded a sum certain, but whether they had any value at all. Thus, contrary to the majority's statement that "[v]alue is value in which ever context," there are at least two different value questions, as exemplified by the question presented by *Peterson* and *Buntin*, and that presented by the case at bar. If the law enunciated in *Peterson* and *Buntin* is applied in the cases where evidence that the value of goods exceeds a certain sum is vital to punishment (i.e., theft by taking, theft by conversion, theft of services, theft by receiving stolen property, theft by shoplifting, livestock theft (OCGA §§ 16-8-12, 16-8-14, and 16-8-20)), there would be no need to have any testimony concerning value because it could be inferred that the stolen goods had some intrinsic value. In fact, it is this principle which is applied when this court determines that the value evidence presented was either not competent or not sufficient: "No evidence was introduced to show the value of the property. The jury was nevertheless authorized to infer that it had 'some value' and thus to find the defendant guilty . . ." *Mathis v. State*, supra. In a case where the value testimony was ruled to have had no probative value, this court ruled that "the evidence presented is sufficient to support a finding that the items had 'some value' [cits.], which will support a finding of theft by receiving stolen property [cits.], and sentencing . . . 'as for a misdemeanor' . . ." *Crowley v. State*, supra, p. 868. See also *Dotson v. State*, supra.

Citing *Parker v. State*, 142 Ga. App. 396 (236 SE2d 141), the majority also states that "circumstantial evidence is sufficient to prove value." Parker was convicted of two counts of theft by taking in amounts in excess of $100. The property taken was money itself and, in testifying as to the value of that money, the victim/owner of the self-service laundry based his opinion on the average daily amount he took in from the coin-operated machines, and the number of days prior to the thefts since he had last emptied the coin boxes. This court ruled that this factual data "permitted the jury to reach their own conclusion that the amount of money taken was in excess of $100 on each occasion." Id., p. 398. Thus, the use of circumstantial evidence was condoned. We should hesitate, however, to allow circumstantial evidence to be the sole basis of value evidence in cases where the item taken is something other than money.

Because the above analysis leads me to conclude that appellants should have been treated as misdemeanants rather than as felons, I must dissent from the majority's affirmance of the trial court's actions.

I am authorized to state that Judge Carley joins in this dissent.