## 68863. MOORE v. THE STATE.

BIRDSONG, Judge.

Appellant Mary Jo Moore was indicted, tried and convicted of theft by receiving stolen property with a value of more than $500, and appeals from her sentence and denial of her motion for new trial.

The evidence showed that on November 9, 1982, Moore purchased for $50 from one Lamar Waddell, a video cassette recorder, thirty video cassette tapes and a television Home Box Office unit, which had been taken from the home of Alford Reed in a burglary. Reed testified that he had purchased the VCR nine months earlier for $499, along with one tape for $14.99. He had bought the remainder of the tapes between then and the date of the burglary, paying between $10 and $15 for each one. Reed stated that in his opinion the replacement value of the stolen items would be $600-$700, but that taking into account how often he had used the equipment and the age of the VCR, the total value of the stolen items was "no less than" $500. Appellant in her statement to the arresting officer estimated the value of the VCR at $300 or $400, maybe even $500, and admitted at trial that "it would have been worth three hundred." She testified that she thought the items Waddell was selling belonged to his current girl friend, and that in the past, she "had bought stuff from his girl friends that supported his [drinking] habit." The stolen items were recovered in Moore's bedroom immediately after the sale by police acting on a search warrant pursuant to a tip, and were identified by Reed as his property. *Held*:

1. There was no error in overruling appellant's motion for new trial on the general grounds. While guilty knowledge is an essential element of theft by receiving stolen property as defined by OCGA § 16-8-7, and possession alone is insufficient to show guilty knowledge, it "may be inferred from circumstances which would excite suspicion in the mind of an ordinarily prudent person. [Cit.]" *Weaver v. State*, 169 Ga. App. 890, 892 (4) (315 SE2d 467). "[B]uying at a price grossly less than the real value is a sufficient circumstance to excite suspicion. [Cit.]" *LaRoche v. State*, 140 Ga. App. 509, 510 (231 SE2d 368). Viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found appellant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stovall v. State*, 167 Ga. App. 69 (306 SE2d 14); *State v. Bradbury*, 167 Ga. App. 390 (306 SE2d 346).

2. We do not agree that the trial court erred in overruling appellant's amended motion for new trial on the ground that the evidence was insufficient to establish that the value of the stolen goods was in excess of $500. Testimony of the owner of the value of stolen items

based upon his experience in buying them, coupled with the jury's awareness of the value of "everyday objects," is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas. *Morris v. State*, 164 Ga. App. 42 (3) (296 SE2d 247); *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372). With the proliferation of video cassette recorders, they may now be considered as much "everyday objects" as garden tillers (*Yarber v. State*, supra), or CB radios (*Hayes v. State*, 139 Ga. App. 316 (228 SE2d 585)). Accord *Mallory v. State*, 164 Ga. App. 569 (2) (298 SE2d 290). The testimony of Reed, as well as appellant's estimates of the value of the VCR, were sufficient for the jury to determine that the combined value of the goods in Moore's possession was in excess of $500.

3. Appellant raises for the first time on appeal the issue of the trial judge's "personal animosity," which she contends he expressed during the sentencing hearing by commenting that "if one of your husbands had gone ahead with his divorce that he came to see me about, he might be living today." Even if objection to this judicial non sequitur had been timely made, nothing in the record on review indicates that the sentence of ten years, five to be served in confinement and five on probation upon payment of a $2,000 fine and restitution to the victim, was illegally influenced by any improper motive or personal animosity. Consequently, no basis for reversal has been shown and appellant's recourse, as the court correctly explained to her, consists of sentence review by the process provided in OCGA § 17-10-6.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1984.

*William V. Hall, Jr., Neil L. Heimanson,* for appellant.
*F. Larry Salmon, District Attorney, T. Russell McClelland II, Assistant District Attorney,* for appellee.