### 62329. GAMBLE v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Conrad Gamble, and his wife operate a pawnshop in Stockbridge, Georgia. He was indicted on two counts of theft by receiving stolen property. He was acquitted of Count 1 and convicted of Count 2. He brings this appeal. *Held:*

1. It is argued that the verdict of guilty of Count 2 is inconsistent with the not guilty verdict as to Count 1 because both verdicts rested principally upon the testimony of the same witness. We do not agree. This court faced a similar issue in *Frazier v. State,* 152 Ga. App. 743 (264 SE2d 35) in which the defendant was charged with rape, sodomy, and robbery. He was convicted of rape but acquitted of sodomy and robbery although all three offenses rested on the testimony of the same witness. We held: " 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' " Id. at 743. Accordingly, we find no inconsistency in the verdict.

2. Enumerated errors 5, 6, 7, and 9 deal with the value of the items stolen from Mr. Morrow by Mr. Morrison and sold to the defendant. The state relied upon Morrow to establish value of the items alleged in the indictment. Although he gave his personal opinion as to the value of each item, it was vague and inconclusive. No basis for any opinion was given — only the purchase or replacement price.

"The testimony of the owner of property as to his opinion of the value of the property without giving his reasons therefor and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value; and [even] if admitted without objection [as it was here] it cannot support a verdict." *Williams v. State,* 151 Ga. App. 266 (259 SE2d 671). Accord *Dunbar v. State,* 146 Ga. App. 136 (245 SE2d 486). However, the evidence offered authorized a conviction of theft by taking of some value and sentencing as for a misdemeanor. *Crowley v. State,* 141 Ga. App. 867 (1) (234 SE2d 700); *Dotson v. State,* 144 Ga. App. 113, 114 (240 SE2d 238). Therefore, the felony sentence is vacated and the case is remanded for misdemeanor sentencing. See *Mathis v. State,* 147 Ga. App. 148 (2) (248 SE2d 212).

3. It is alleged that the trial court erred in allowing a photograph of the stolen tires and wheels to be placed in evidence as it was secondary evidence and the State had voluntarily returned the original evidence to its owner and had access to those items and should have been required to produce them "since the value and condition of the tires were at issue."

Mr. Morrow's car had been stolen. The tires and wheels had been removed and sold. Morrow recovered his car and the police recovered the tires and wheels. Since Morrow required the tires and wheels to operate his car they were returned to him after being photographed. Mr. Morrow testified as to the theft of the tires and wheels and finding them in the possession of the defendant. He identified the photograph as depicting the tires and wheels which had been stolen from him and found in defendant's pawnshop. Inasmuch as the principal reason for the defendant's objection was that the original items were needed for the jury to ascertain their value and it is obvious that they had "some value" along with the other items — sufficient to sustain a misdemeanor — the defendant could not have been harmed. See *Adams v. State,* 142 Ga. App. 252, 254 (235 SE2d 667); *Mathis v. State,* 147 Ga. App. 148 (2), supra; *Hill v. State,* 221 Ga. 65 (7) (142 SE2d 909); Green, Ga. Law of Evidence 239, § 100.

4. Any error in the refusal of the trial court to reduce the felony charge to a misdemeanor for lack of sufficient proof to establish the

minimum felony amount is mooted by our holding in Division 2.

5. The eighth enumerated error contends the "trial court erred in not conducting an in camera inspection of the used goods in response to defendant's" Brady motion. The defendant filed a Brady motion with the state for 17 specific classes of evidence. Apparently the state did not respond to the motion and neither was a hearing held by the trial court. After conclusion of the presentation of evidence and argument by both sides, defense counsel brought up the failure of the state to respond and the fact that "[t]he Court never had an opportunity to rule upon it only at this stage of the trial . . . I am just re-asserting it for the purpose of the record." The court replied: ". . . had you asked for permission to examine these matters prior to trial, certainly you would have had the right to do that . . . There's nothing for me to decide on about that [now, after the trial is over]." Thus, the defendant never requested the trial court to conduct an in camera inspection.

The Supreme Court, in *Tribble v. State,* 248 Ga. 274 (280 SE2d 352) held: ". . . a trial court is not required to conduct an in camera inspection of the state's file in connection with a 'general' Brady motion unless, after the state has made its response to the motion, the defense makes a request for such an inspection . . . The same rules apply with respect to a 'specific' Brady motion." The defendant never requested an in camera inspection following the state's noncompliance with its request. Accordingly, this enumeration is without merit.

Further, "a defendant bears the burden of showing prejudice to his case resulting from the prosecution's refusal to turn over documents or evidence." *Coachman v. State,* 236 Ga. 473, 475 (224 SE2d 36). The defendant has made no showing of prejudice to his case. See *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30). The Brady standard is "suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . ." *Timberlake v. State,* 246 Ga. 488, 493-494 (271 SE2d 792). Such requested evidence here could not have affected defendant's guilt, and in view of our holding in Division 2, reducing value of the stolen items to that of a misdemeanor, the defendant's sentence could not have been affected.

6. We have examined the defendant's remaining enumerations and found them to be meritless.

*Judgment of conviction affirmed; remanded for resentencing. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1981 —
REHEARING DENIED DECEMBER 2, 1981 —

*Arch W. McGarity, Edwin M. Saginar,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.