66143. PIPPIN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of theft by taking of certain motor vehicle tires having a value in excess of $200 with the intention of depriving the owner of said property. The defendant appeals enumerating error solely that in sentencing the defendant for

a felony and denying defendant's motion for new trial, as to the sentencing in the case, the trial court committed error. *Held:*

The defendant contends that under OCGA § 16-8-12 (formerly Code Ann. § 26-1812 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842; 1978, pp. 1457, 1458; 1981, pp. 1552, 1553; 1981, p. 1576)) a theft of property in excess of $200 in value must be proven and if no value is proven, or less than this amount, the sentence must be for a misdemeanor, citing *Jones v. State,* 147 Ga. App. 779, 780 (2) (250 SE2d 500), and *Mack v. Ricketts,* 236 Ga. 86 (222 SE2d 337). It is noted that prior to the effective date (November 1, 1982) OCGA § 16-8-12 (Code Ann. § 26-1812), the value of the property taken, to constitute a felony, was in excess of $200. Presently, the value must be in excess of $500, however, the offense committed and conviction therefor was prior to the above effective date and the latter figure has no application here. To prove the value of the tires allegedly stolen the state offered the testimony of an employee of the corporate owner of the tires in evidence. This employee was in charge of all the transportation of all his employer's trailers in and out of Atlanta. Defendant contends this witness' testimony was insufficient to prove the value to be over $200. However, this witness testified in his opinion that the loss of 24 tires would be a loss to his company of several thousand dollars. He also testified that he had purchased, repaired and maintained truck tires on different vehicles for "[a]bout 50 years." Clearly, the witness established his opportunity for forming his opinion that the tires allegedly stolen were worth more than $200. See *Maddox v. State,* 157 Ga. App. 696, 697 (278 SE2d 480). The mere fact that the witness testified that the cost of the average dump truck tire is "about one hundred seventy five dollars apiece" and that the loss to his company was "[s]everal thousand dollars" does not fall afoul of the rule that purchase price alone (cost) is not sufficient criterion of value. Here the witness did establish the reasons for his conclusions as to value, or at least the loss of the 24 tires which were stolen. The witness clearly established that he had knowledge, experience and familiarity with the value of the property or similar property, and thus established his reasons for the value, having an opportunity for forming such an opinion. See *Sisk v. Carney,* 121 Ga. App. 560, 563 (174 SE2d 456); *Maddox v. State,* 157 Ga. App. 696, 697, supra.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 17, 1983.

*William G. Posey,* for appellant.
*Thomas J. Charron, District Attorney, Thomas A. Cole,*