## 69050. HUGHES v. THE STATE.
### (322 SE2d 359)

BANKE, Presiding Judge.

Dale Hughes was convicted of theft by taking of property of a value exceeding $500. He was sentenced to serve four years in confinement and four years on probation, was fined $750, and was ordered to pay restitution in the amount of $2,190. Hughes' sole contention on appeal is that the evidence was insufficient to establish that the value of the stolen property exceeded $500 and that he was, accordingly, erroneously sentenced as a felon rather than as a misdemeanant.

The property at issue consisted of a purse and its contents, which were taken from a lounge. None of the property was recovered. The victim, a waitress at the lounge, testified that the contents of the

purse included a billfold containing about $50 in cash and a gold nugget valued at about $100, both belonging to her. She testified that the purse also contained a loose diamond which belonged to a friend who conducted jewelry shows and sales and which she was to have shown to a prospective purchaser at the lounge on the evening it was taken. She stated that the diamond weighed two carats, that the selling price was $2,000, and that she was required to reimburse the owner after the loss. She also testified that she had bought "a lot of jewelry" from this individual and that she herself had conducted jewelry shows on occasion. *Held*:

It is well established that an opinion as to value based solely on cost or replacement price has no probative value and cannot support a conviction for felony theft. She generally *Gamble v. State*, 160 Ga. App. 556 (2) (287 SE2d 593) (1981); *Williams v. State*, 151 Ga. App. 266 (1) (259 SE2d 671) (1979); *Dotson v. State*, 144 Ga. App. 113 (2) (240 SE2d 238) (1977). However, purchase price, coupled with other evidence, is admissible as an element upon which an opinion may be formed as to an item's value. See *Ragsdale v. State*, 170 Ga. App. 448 (317 SE2d 288) (1984); *Williams v. State*, supra. In addition to stating the purchase price of the diamond, the waitress also described it as weighing two carats. Furthermore, she testified that she was familiar with jewelry values as a result of her past dealings. We conclude that there was sufficient evidence of value from which a rational trier of fact could have concluded beyond reasonable doubt that the value of the purse and its contents exceeded $500. Moreover, no objection was made to the testimony regarding the value of the property, and it has been held that in the absence of such an objection "no issue as to value was placed before the jury." *Ragsdale v. State*, supra at 450. Accordingly, the trial court did not err in sentencing Hughes as a felon.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 19, 1984.

*J. Russell Mayer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Deborah W. Espy, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.