69529. LANE v. THE STATE.
(328 SE2d 231)

McMURRAY, Presiding Judge.

Defendant James Edgar Lane was indicted for the offense of theft by receiving stolen property. The indictment charged that on January 19, 1982, defendant received "a set of International Prelude silver and a set of Courtship silver settings, property of Clyde G. Boggs, of the value of more than $200.00, which property he should have known was stolen . . ." Following a trial by jury, defendant was convicted of the offense charged and he was sentenced to ten years (eight to serve and two on probation). Defendant's sole contention on appeal is that the State failed to present probative evidence concerning the value of the silver and that, therefore, the evidence does not support his conviction of a felony offense.

In an attempt to prove the value of the silver received by defendant, the State introduced the testimony of Mrs. Clyde G. Boggs and Jimmy Edward Worth. Mrs. Boggs testified that her house was burglarized in early 1982 and that after the burglary she made an inventory of the items which were missing and found that about 1-½ sets of sterling silver had been stolen. She further testified that she purchased the larger set, consisting of approximately 75 pieces, from Rich's and that she probably made the purchase about 10 years before trial; that on the day of trial, September 26, 1983, she telephoned Rich's to ascertain the cost of the larger set of silver and learned that "it totals $5,216.20." Mrs. Boggs rendered no opinion concerning the value of the larger set of silver and she gave no testimony whatsoever with regard to the value of the smaller set of silver. Mr. Worth testified that he burglarized the home of Clyde G. Boggs and that he "stole a sterling silver flatware set, a little bit of gold rings, necklaces and such as that." He testified further that he deliv-

ered the fruits of the burglary to defendant; that defendant "weighed out all the merchandise" on a scale; and that defendant gave him $400 for the merchandise. He did not testify concerning how much of the $400 was attributed to the silver. No other evidence was presented by the State on the value issue. *Held*:

It was incumbent upon the State to prove that the value of "the International Prelude silver and the Courtship silver settings" exceeded $200. OCGA § 16-8-12. (The offense was committed prior to November 1, 1982, the effective date of the amendment substituting the value of $500 for $200 to constitute a felony.) Mrs. Boggs offered no opinion of her own concerning the value of the silver; her testimony regarding the replacement price of the larger set of silver has no probative value and it cannot support the verdict. See *Gamble v. State*, 160 Ga. App. 556, 557 (2) (287 SE2d 593); *Crowley v. State*, 141 Ga. App. 867, 868 (234 SE2d 700). Compare *Ragsdale v. State*, 170 Ga. App. 448 (317 SE2d 288). Likewise, Mr. Worth gave no opinion concerning the value of the silver; his testimony that he was given $400 by the defendant for "all of the merchandise" is not sufficient to establish that the silver alone had a value exceeding $200. We are constrained to vacate the felony sentence and remand this case for misdemeanor sentencing. Accordingly, we affirm the conviction of theft by receiving stolen property of some value but direct that defendant's felony sentence be vacated and that he be resentenced for a misdemeanor. See *Searcy v. State*, 163 Ga. App. 528 (2) (295 SE2d 227); *Dunbar v. State*, 146 Ga. App. 136 (2) (245 SE2d 486).

*Judgment affirmed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1985.

*John L. Watson, Jr.*, for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney*, for appellee.