A08A0002. BARRON v. THE STATE.
A08A0158. COLLINS v. THE STATE.
(662 SE2d 285)

ANDREWS, Judge.

Bruce Lee Collins and Ronald Edward Barron appeal from the judgment entered after a jury found them guilty of theft by taking. Both appellants claim that the evidence was insufficient to support their sentences for felony theft by taking because there was no evidence that the value of the property taken was over $500. In addition, Collins argues on appeal that there was insufficient evidence of venue in Douglas County. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. Nicandra Estrada testified that he worked for Fortified Fence Group and was building a fence for Home Depot in Douglas County at the time of the theft. Estrada said that when he arrived at the jobsite on Sunday morning, some of the equipment and the trailer it had been loaded on were missing. Specifically, the missing equipment consisted of a New Holland skid steer, an augur attachment, a fork attachment, and the trailer used to haul the equipment. Estrada testified that the skid steer, the trailer and the attachments were worth "much more than five hundred dollars."

The sales manager for the fence company testified that the skid steer was basically a dirt-moving and drilling machine. When asked if the value of the equipment was over $500, the sales manager replied "Yeah, much more." Photographs of the trailer, the skid steer, and the attachments were introduced into evidence.

Randy Phillips, a heavy equipment operator for a construction company, was at a gas station on Fulton Industrial Boulevard later that same day when a man whom he identified at trial as Ronald Barron walked up to him and asked if he wanted to buy any equipment. Phillips said Barron told him that his partner had the equipment across the street and they could make him "a real good deal on it." Phillips drove across the street and saw Collins with the trailer and the equipment. Collins and Barron offered to sell him everything for $2,500. Phillips asked them if they had a key to the skid steer and they said "no." Phillips said they kept dropping the price and finally said that they would take $1,800 for it. Phillips was suspicious because they did not have a key and because the price was "way out of range" in that it was much too low. Phillips said that his assessment of the price was based on his experience in dealing with these products.

Phillips left the gas station and called the police. When the officers arrived, Collins and Barron said that their boss told them to sell the equipment, a different story than the one they told Phillips.

After the jury returned its verdict, the defense argued that Collins and Barron should be sentenced for misdemeanor theft by taking because the State had not proved beyond a reasonable doubt that the stolen equipment was worth more than $500. The State responded that defendants should be sentenced for a felony because (1) the theft was of a motor vehicle and there was no requirement that value be proved; and (2) there was sufficient evidence that the equipment was worth more than $500.

The Court rejected the State's argument that the skid steer was a motor vehicle for purposes of sentencing under OCGA § 16-8-12 (a) (5) (A),[1] and we agree. The skid steer comes under the definition of special mobile equipment as defined in OCGA § 40-1-1 (59) as follows:

> "Special mobile equipment" means every vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including but not limited to: ditch-digging apparatus, well-boring apparatus, and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth-moving carryalls and scrapers, power shovels and drag lines, and self-propelled cranes and earth-moving equipment. The term does not include house trailers, dump trucks, truck mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached.

The trial court concluded, however, that there was sufficient evidence that the value of the property was more than $500 for purposes of sentencing under OCGA § 16-8-12 (a) (1).[2] Accordingly, the court sentenced Barron to ten years to serve three with the balance probated, and sentenced Collins as a recidivist to ten years to serve eight with the balance probated. This appeal followed.

---

[1] Under that section, a defendant can be sentenced for a felony without the State having to prove value if the property taken was a motor vehicle.

[2] Under this Code section,
[a] person convicted of a violation of Code Sections 16-8-2 through 16-8-9 shall be punished as for a misdemeanor except: If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor.

1. The evidence was sufficient to support the sentence for felony theft by taking. Although the testimony of the owner of the property as to its value without giving reasons therefor is insufficient,[3] "[a]n owner does not have to be an expert to testify as to the value of his property (or that property under his control), provided he has experience or familiarity with such values." *Williams v. State*, 246 Ga. App. 347, 352 (540 SE2d 305) (2000). The weight to be given opinion evidence of market value is a matter for the jury. Id. at 353.

In this case, in addition to the fence company's employees' testimony as to value, Phillips testified that, from his experience in dealing with this type of equipment, the price was much too low. This testimony, together with the equipment operator's and the sales manager's testimony, was sufficient to show that the property stolen was worth more than $500. See *Ragsdale v. State*, 170 Ga. App. 448, 450 (317 SE2d 288) (1984) (probative evidence reflecting ten years of experience in the particular field to which the value evidence related); *Pippin v. State*, 166 Ga. App. 658, 659 (305 SE2d 408) (1983) (no error in felony sentencing where witness established reasons for his conclusion as to value); *Morris v. State*, 164 Ga. App. 42, 45 (296 SE2d 247) (1982) (trial court did not err in permitting the owner of the stolen construction materials to testify as to their value based on his experience in buying building material and shopping for the items that he had purchased).

2. Collins argues that venue was not proven in Douglas County beyond a reasonable doubt. Collins claims that because there was testimony that Fulton Industrial Boulevard is a place where people try to "flip stolen property," this was evidence that he and Barron could have acquired the construction equipment and trailer in Fulton County. We disagree.

The undisputed evidence at trial was that the equipment was stolen from a jobsite in Douglas County. A few hours after the theft, Collins and Barron approached someone about buying the equipment. Collins and Barron did not testify at trial and there was no evidence that the equipment had changed hands after the theft. The evidence of Collins's and Barron's possession of the property approximately two hours after the theft and their differing stories as to how they acquired the property, was sufficient for the jury to conclude that they were guilty of the theft in Douglas County beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[3] *Hoard v. Wiley*, 113 Ga. App. 328, 332 (147 SE2d 782) (1966) ("when an opinion is sought from a witness as to the value of a thing, it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things").

*Judgments affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 13, 2008.

*Mary Erickson*, for appellant (case no. A08A0002).
*Lawrence W. Daniel*, for appellant (case no. A08A0158).
*David McDade, District Attorney, Thomas R. Thompson, Assistant District Attorney*, for appellee.