A09A2316. PERDUE v. THE STATE.
(685 SE2d 489)

MIKELL, Judge.

Glenn Edward Perdue was convicted of theft by taking, OCGA § 16-8-2, and criminal trespass, a misdemeanor, and was sentenced to an aggregate of ten years, including six in confinement. On appeal from the order denying his motion for new trial, Perdue contends, inter alia, that the evidence does not support his sentence for felony theft by taking because the state failed to prove that the value of property taken exceeded $500. We disagree and affirm.

> On appeal of a guilty verdict, [Perdue] no longer enjoys a presumption of innocence, for the jury has heard the evidence and judged its weight and the credibility of witnesses; the evidence is construed so as to uphold the jury's verdict, and on appeal we do not redetermine the factual issues decided by the jury nor the weight of the evidence, but we only determine its sufficiency under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

Construed in favor of the verdict, the evidence adduced at trial shows that in November 2006, James Spivey noticed that eight or nine aluminum tire rims were missing from the shop attached to his house in East Dublin. Spivey testified that he located the rims, which are normally used on Freightliner truck tires, at a local recycling center. According to Spivey, the rims cost $300 each new, but the ones taken from him were used and were worth $150 to $175 each if purchased at a salvage yard. Spivey testified that the total value of the rims taken from him exceeded $1,000.

Perdue's accomplice, William J. Garner, Jr., entered a guilty plea to theft by taking and testified against Perdue. According to Garner, he and Perdue were staying at a motel at the time of the theft. Perdue went out on the morning in question to get breakfast and returned with a "truck load" of eight to ten rims. Garner testified he

---

[1] (Citation and punctuation omitted.) *Moncus v. State*, 229 Ga. App. 803 (1) (495 SE2d 118) (1997).

and Perdue took the rims to the recycling center, where they sold them. Garner identified the stolen rims from photographs that were admitted into evidence. Garner also identified Perdue as the man who brought the rims to the motel. Garner and Perdue gave conflicting statements to law enforcement, implicating each other.

At the close of the evidence, Perdue moved for a directed verdict, contending that the state had not submitted sufficient evidence of value to support the charge of felony theft by taking. The trial court denied his motion. Perdue enumerates this ruling as error.

1. Theft by taking occurs when a person "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property."[2] Although value is not an element of the offense, it is relevant for sentencing purposes, as a felony sentence may be imposed for a theft by taking conviction when "the property which was the subject of the theft exceed[s] $500.00 in value."[3] The proper measure of value for this offense "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property."[4]

Perdue contends that the evidence of value was insufficient to warrant a felony sentence because Spivey was not qualified as an expert on wheel rims and did not state the reasons for his valuation of the rims at $150 to $175 each. At the outset, we note that "[o]ne need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion."[5] And while "the mere statement that the value of a thing is a certain sum without stating the reasons for this conclusion lacks probative value,"[6] "it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value."[7] In this regard,

the testimony of the owner of the value of stolen items based upon his experience in buying them, coupled with the

---

[2] OCGA § 16-8-2.

[3] OCGA § 16-8-12 (a) (1); *Baker v. State*, 234 Ga. App. 846, 848 (507 SE2d 475) (1998).

[4] (Citation and punctuation omitted.) *Campbell v. State*, 275 Ga. App. 8, 11 (3) (619 SE2d 720) (2005).

[5] OCGA § 24-9-66; *Ragsdale v. State*, 170 Ga. App. 448, 449 (317 SE2d 288) (1984) (whole court).

[6] (Citation omitted.) *Buckley v. State*, 270 Ga. App. 493, 494 (1) (606 SE2d 581) (2004). See also *DeLong v. State*, 270 Ga. App. 173, 175 (2) (606 SE2d 107) (2004) (evidence of purchase price, standing alone, held insufficient to establish fair market value of property taken).

[7] (Citations and punctuation omitted.) *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978).

jury's awareness of the value of everyday objects, is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas.[8]

Pretermitting whether wheel rims are "everyday objects," we find that Spivey's testimony that he had a "shop" attached to his house and that the rims were used on a specific brand of truck permitted an inference that Spivey had experience in buying such rims. Such an inference, coupled with Spivey's testimony that the rims cost $300 new but were worth $150 to $175 in their used condition, provided evidence that he had an opportunity for forming a correct opinion. Accordingly, we find Spivey's testimony concerning the type of rims and their value if purchased at a salvage yard sufficient for the jury to determine the fair cash market value of the rims at the time and place of the theft.[9] It follows that the trial court did not err in denying Perdue's motions for directed verdict or for a new trial.

2. Perdue also argues that the trial court erred by not charging the jury how to determine item value from lay witness testimony.[10] However, Perdue failed to request such a charge, did not object to the trial court's failure to give one, and did not reserve objections at the conclusion of the jury instructions. Generally, such inaction constitutes a waiver of the issue for the purpose of appeal.[11] "Moreover, the failure to give an unrequested charge constitutes reversible error only when the omission is clearly harmful and erroneous as a matter of law in that the charge that was given fails to provide the jury with the proper guidelines for determining guilt or innocence."[12] In the case at bar, the trial court correctly charged the jury that the state was required to prove the "fair market value of the property at the time of the taking."[13] The trial court went on to define "fair market value" for the jury. Thus, the jury was given proper guidelines for determining value, and this enumeration of error lacks merit.

---

[8] (Citation and punctuation omitted.) *Campbell*, supra.

[9] See, e.g., *Pippin v. State*, 166 Ga. App. 658, 659 (305 SE2d 408) (1983) (witness's testimony that average dump truck tire costs about $175 and that his company lost "several thousand dollars" as a result of the theft of 24 tires, coupled with his experience and familiarity with tires, held sufficient to establish value).

[10] See OCGA § 24-9-65: "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible."

[11] See *Whitaker v. State*, 283 Ga. 521, 526 (4) (661 SE2d 557) (2008); *Amis v. State*, 277 Ga. App. 223, 226 (2) (626 SE2d 192) (2006) (failure to object to charge or reserve objections constitutes waiver).

[12] (Citation omitted.) *Whitaker*, supra.

[13] See *Campbell*, supra.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 23, 2009.

D. Duston Tapley, Jr., for appellant.
Louie C. Fraser, District Attorney, Robert B. Faircloth, Assistant District Attorney, for appellee.