A10A0063. PARTIN v. THE STATE.
(692 SE2d 32)

MIKELL, Judge.

Following a bench trial, Jason Partin was convicted of theft by taking, OCGA § 16-8-2, and was sentenced to five years, comprised of ninety days in jail and the remainder on probation. On appeal from the order denying his motion for new trial, Partin contends that the trial court erred in imposing a felony sentence because the state failed to prove that the value of the stolen property exceeded $500. We disagree and affirm.

Construed most favorably to the trial court's findings,[1] the evidence adduced at trial shows that in March 2004, Ashley Davis, a home builder, arrived at a job site and discovered that his crew had not made any progress building a porch because the lumber and other materials needed to do the job were missing. Davis heard hammering nearby, looked across the road, and saw Partin tearing apart lumber. Davis recognized the lumber as his and called the sheriff's office. Davis recognized his lumber because it was partially stained blue.

A deputy sheriff arrived and confronted Partin, who admitted taking the lumber. Additional building materials belonging to Davis also were found on Partin's property, including "jigs," or wooden forms used in making porches; "jacks," or stakes; ladders; concrete forms; screws and nails; and a wooden platform. A deputy asked Davis to estimate the value of the stolen building materials, and Davis testified that he gave the deputy a "low" estimate of $525.

---

[1] See *Yglesia v. State*, 288 Ga. App. 217 (653 SE2d 823) (2007).

According to Davis, the cost of the materials — lumber, screws, and nails — was $450, and the cost of the labor to construct the jigs was approximately $200, bringing the total value of the stolen property to $650.

A person commits theft by taking when he "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property."[2] Although value is not an element of this offense, it is relevant for sentencing purposes, as a felony sentence may be imposed when the property taken "exceed[s] $500.00 in value."[3] The proper measure of value "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property."[4]

Partin contends that the record is devoid of evidence of the fair market value of the property because Davis only testified to the purchase price of the materials and the labor costs of building the jigs may not be considered in assessing value. We disagree with these contentions.

"The cost of the property to the owner, although relevant on the question of value, is not the ultimate determinant."[5] "But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value."[6] Moreover, "[a]n owner does not have to be an expert to testify as to the value of his property . . . , provided he has experience or familiarity with such values."[7] In the case at bar, Davis testified that by the time of the theft, he had been building houses for five or six years; that he oversees the purchase of lumber and materials for the homes he builds; that he "keeps tabs" on the cost of lumber because it affects his profits and losses; that the value of lumber fluctuates from week to week; and that he assessed its value as of the day it was taken. Davis described in detail the manner in which the stolen jigs were constructed and value of the labor that went into them.

Davis "clearly established that he had knowledge, experience and familiarity with the value of the property . . . , and thus

---

[2] OCGA § 16-8-2.

[3] OCGA § 16-8-12 (a) (1).

[4] (Citation and punctuation omitted.) *Campbell v. State*, 275 Ga. App. 8, 11 (3) (619 SE2d 720) (2005).

[5] (Footnote omitted.) *Baker v. State*, 234 Ga. App. 846, 848 (507 SE2d 475) (1998). See also *DeLong v. State*, 270 Ga. App. 173, 175 (2) (606 SE2d 107) (2004) (evidence of purchase price, standing alone, held insufficient to establish fair market value of property taken).

[6] (Citations and punctuation omitted.) *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978).

[7] *Williams v. State*, 246 Ga. App. 347, 352 (2) (540 SE2d 305) (2000).

established his reasons for the value, having an opportunity for forming such an opinion."[8] Moreover, the trial court was permitted to consider Davis's testimony concerning the cost of the labor to build the jigs.[9] And "[t]he weight to be given opinion evidence of market value is a matter for the jury,"[10] or, as in this case, the trial court sitting as the trier of fact. The evidence was sufficient for the court to determine that the fair cash market value of the property at the time and place of the theft exceeded $500.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 2, 2010.

*Gregory W. Holt*, for appellant.
*Fredric D. Bright, District Attorney, Keagan W. Goodrich, Assistant District Attorney*, for appellee.

---

[8] (Citations omitted.) *Pippin v. State*, 166 Ga. App. 658, 659 (305 SE2d 408) (1983) (witness's testimony that average dump truck tire cost about $175 each and that his company lost "several thousand dollars" as a result of the theft of 24 tires, coupled with his experience and familiarity with tires, held sufficient to establish value). See also *Morris v. State*, 164 Ga. App. 42, 45 (3) (296 SE2d 247) (1982) (trial court did not err in permitting the owner of stolen construction materials to testify as to their value based on his experience in buying building material and shopping for the items that he had purchased).

[9] See *Roberts v. State*, 146 Ga. App. 23, 24-25 (3) (245 SE2d 358) (1978) (owner's reasons for his appraisal of the value of the bar included the cost of materials and the amount of labor he had put into it).

[10] (Citation and footnote omitted.) *Williams*, supra at 353 (2).