A11A0288. PORTER v. THE STATE.
(706 SE2d 620)

MIKELL, Judge.

James Porter, Jr., was convicted of theft by taking and was sentenced as a recidivist to serve ten years. Porter appeals pursuant to the trial court's grant of an out-of-time appeal, arguing that the state failed to prove that the value of the items taken exceeded $500. We agree. Therefore, we vacate Porter's sentence and remand the case with direction that sentencing be imposed for misdemeanor theft by taking.

1. We first address the state's contention that the trial court lacked jurisdiction to grant Porter's motion for an out-of-time appeal. In this regard, the record shows that we dismissed Porter's initial appeal on May 13, 2010, because he failed to file a brief or enumerations of error. Porter filed a motion for an out-of-time appeal on June 14, 2010, and the trial court granted the motion two days later. This Court issued the remittitur to the trial court on June 28, 2010, and the remittitur was filed in the office of its clerk on July 1. Porter filed a petition for certiorari on June 27, which the Supreme Court of Georgia denied on October 18, 2010.[1] The state contends that the pendency of the appeal in the Supreme Court deprived the trial court of jurisdiction to issue the order granting an out-of-time

---

[1] *Porter v. State*, Case No. S10C1665 (October 18, 2010).

appeal.[2] We disagree.

First, we point out that the effective date herein was July 1, when the remittitur from this Court was filed in the clerk's office of the trial court. At that point, the trial court was reinvested with jurisdiction over the case.[3] Although the trial court issued its order before receiving the remittitur, not every action by a trial court is barred during the pendency of an appeal.[4] Rather, the trial court cannot execute sentence or entertain "proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matters."[5] Technically, there was no matter on appeal before this Court, because we dismissed the appeal pursuant to Court of Appeals Rule 23 (a) for failure to file a brief or enumerations of error. The basis for the grant of an out-of-time appeal — the right to effective assistance of counsel on appeal from a criminal conviction[6] — was not under consideration. Therefore, we hold that the trial court was not deprived of jurisdiction to grant Porter's motion.

2. Porter argues that the evidence was insufficient to support his sentence for felony theft by taking because the state offered no probative evidence that the value of the items taken exceeded $500. We agree.

A person commits theft by taking when he "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property."[7] Value is not an element of this offense, but is relevant for sentencing purposes. Under OCGA § 16-8-12, a person convicted of theft by taking "shall be punished as for a misdemeanor," but if the stolen property exceeded $500 in value, then a felony sentence of one to ten years may be imposed.[8]

Porter was convicted of taking an aluminum slide, a ladder, and fishing poles from Sharon Sagon. Construed most favorably to the

---

[2] See OCGA § 5-6-45 (a): "In all criminal cases, the notice of appeal . . . shall serve as supersedeas in all cases where a sentence of death has been imposed or where the defendant is admitted to bail."

[3] *Chambers v. State*, 262 Ga. 200, 201 (1) (415 SE2d 643) (1992).

[4] See *Moon v. State*, 287 Ga. 304, 305 (696 SE2d 55) (2010) (pendency of appeal did not prevent the trial court from hearing a timely filed motion for reconsideration); *Strickland v. State*, 258 Ga. 764, 765-766 (1) (373 SE2d 736) (1988) (trial court retains the power to amend its order denying a plea of former jeopardy, nunc pro tunc, to find the plea dilatory and frivolous). Compare *Chambers*, supra at 202 (3) (trial court lacked jurisdiction to hold defendant's trial while he appealed the denial of his motion to suppress).

[5] (Citation and punctuation omitted.) *Roberts v. State*, 279 Ga. App. 434, 437 (1) (631 SE2d 480) (2006), overruled on other grounds, *DeSouza v. State*, 285 Ga. App. 201, 202, n. 2 (645 SE2d 684) (2007).

[6] See *Hasty v. State*, 213 Ga. App. 731-732 (445 SE2d 836) (1994).

[7] OCGA § 16-8-2.

[8] OCGA § 16-8-12 (a) (1).

jury's verdict,[9] the evidence shows that on February 16, 2008, Sagon observed an unfamiliar truck, a man, and a woman on her lake property in Hampton. Sagon testified that she saw an extension ladder that belonged to her on the back of the truck; that the ladder was 20 to 22 feet long; and that it was worth approximately $150. Sagon observed the woman coming through a hole in the fence carrying an eight-foot aluminum ladder. The woman apparently saw Sagon, as she quickly dropped the ladder and got into the truck. Porter was standing behind her, and Sagon identified him as the thief.

Sagon got within five feet of Porter and told him to stay put because she had called the police. Sagon's nephew, Gair Eubanks, arrived and confronted Porter, who then threw the extension ladder out of the truck, jumped in and drove off. The police arrived, and Sagon went onto her property to take inventory. She discovered that an aluminum object called "the slide" was missing, and she testified that she observed drag marks leading from its original location to the fence.

Sagon described the slide as a functional piece of artwork, made by her late husband, who was a metal artist, for use in a playground that he had created. Sagon explained that her husband had improved on the original aluminum piece by building a ladder equal to its size and by welding an adjustable bar inside so that "different size kids" could play on it. That ladder, however, was not taken; only the piece of aluminum was stolen. Sagon testified that she and her husband purchased the aluminum ten years earlier for $400; that it was approximately seven-and-a-half feet long by three-and-a-half feet wide; and that it had originally been used for screen printing t-shirts. When asked its worth, Sagon testified that although it was "invaluable" to her, she did not know its value, because it would be based on the price per pound of scrap metal, and metal value was her late husband's area of expertise. The prosecutor then asked Sagon whether it was worth what she paid for it, and she responded, "yeah."

Sagon also testified that three fishing poles had been taken, and Eubanks, who bought the fishing poles, testified that they were worth $60 at the time of the theft.

The proper measure of value "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property."[10] Eubanks's testimony that

---

[9] *Perdue v. State*, 300 Ga. App. 588 (685 SE2d 489) (2009).

[10] (Citation and punctuation omitted.) *Campbell v. State*, 275 Ga. App. 8, 11 (3) (619 SE2d 720) (2005). Accord *Partin v. State*, 302 Ga. App. 589, 590 (692 SE2d 32) (2010).

the fishing poles were worth $60, which was based on his experience in buying them, was sufficient to establish their current fair market value.[11] And the jury could find the value of the extension ladder, an everyday object, was worth $150.[12] But the state did not establish the fair market value of the slide. "[T]he testimony of the owner of the property as to its value without giving reasons therefor is insufficient."[13] Here, Sagon gave no reason for her opinion as to the current fair market value of the slide, explaining that it would depend on the current value of scrap metal, of which she had no knowledge. Although Sagon testified that the purchase price was $400, "[e]vidence of purchase price, standing alone, is insufficient to establish the fair market value of the property."[14] Thus, although the state proved beyond a reasonable doubt that Porter committed the offense of theft by taking,[15] the state's evidence was insufficient to establish that the current fair market value of the stolen items exceeded $500.[16] Accordingly, the ten-year felony sentence imposed by the trial court is hereby vacated, and the case is remanded to the trial court with direction that sentencing be imposed for misdemeanor theft by taking.[17]

3. Porter asserts that his trial counsel was ineffective. As this claim is premised on his felony sentence, which we have vacated, the claim is moot.

*Judgment affirmed, sentence vacated, and case remanded. Smith, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 28, 2011.

*Michael B. King*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.

---

[11] *Perdue*, supra at 589-590 (1) ("the testimony of the owner of the value of stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of everyday objects, is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas") (punctuation and footnote omitted); *Roundtree v. State*, 191 Ga. App. 423 (382 SE2d 173) (1989) (jury's awareness of market value of everyday objects coupled with evidence concerning the cost, date of purchase, and condition of the property, was sufficient evidence of stolen property's value).

[12] Cf. *Roundtree*, supra.

[13] (Footnote omitted.) *Barron v. State*, 291 Ga. App. 494, 496 (1) (662 SE2d 285) (2008).

[14] (Footnote omitted.) *DeLong v. State*, 270 Ga. App. 173, 175 (2) (606 SE2d 107) (2004); *Dunbar v. State*, 146 Ga. App. 136, 136-137 (2) (245 SE2d 486) (1978).

[15] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *DeLong*, supra.

[16] *DeLong*, supra; *Waters v. State*, 252 Ga. App. 194, 196 (1) (b) (555 SE2d 859) (2001); *Gamble v. State*, 160 Ga. App. 556, 557 (2) (287 SE2d 593) (1981); *Dunbar*, supra.

[17] *DeLong*, supra at 176 (2); *Gamble*, supra.